## COMMONWEALTH *versus* SELDEN BRAYNARD.

Where one, being under a recognizance to keep the peace, committed a breach of the peace, for which he was indicted and fined, it was *held* that he was nevertheless liable to an action for the penalty of the recognizance.

UPON a case stated it appeared, that the defendant was indicted and convicted of an assault and battery on one Rice, and sentenced to pay a fine and costs, and to give security by recognizance to keep the peace, as to all citizens, and especially Rice, for one year ; and that he complied with the sentence.   Within the year he committed another assault and battery upon Rice, for which he was again indicted and convicted, and sentenced to pay a fine and costs, and he complied with this sentence.   The present action was brought to recover the amount of the recognizance above mentioned.   If these facts constituted a bar to the commonwealth's recovering the penalty

---

[1] See Revised Stat. *c.* 87, § 43.

10 *                      113

of the recognizance, the defendant was to be discharged ; but otherwise he was to be defaulted.

*S. D. Parker*, for the defendant, suggested that the government might either indict for the second assault and battery, or bring an action upon the recognizance, but not both, as this would be punishing twice for the same offence.   But the *Court* were clear that the action was sustainable, and declined hearing *Austin*, who appeared on behalf of the commonwealth.

*Defendant defaulted.*[1]

---

This evidence appeared in the depositions of S. Ewer and M. Myrick.

Ewer testified, that in March 1827 the plaintiffs called him

---

[1] A recognizance of bail is not designed as a satisfaction of the offence, when it is forfeited and paid, but as a means of compelling the party to submit to the trial and punishment, which the law ordains for his offence.   *Ex parte Milburn*, 9 Peters, 710.